**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE RIVERA MARES ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br> Respondent. ) <br> ) | Case No.: 09-CR-00885-LHK <br><br> ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

On October 1, 2010, Petitioner Jose Rivera Mares ("Petitioner"), in *pro se*, filed a motion pursuant to 28 U.S.C. § 2255 challenging his sentence on six grounds: (1) that his plea was not knowing and voluntary because the Court failed to comply with Rule 11; (2) that his sentence was unreasonable because it took into account a prior drug conviction; (3) that the Court increased Petitioner's sentence based on his prior conviction without considering the circumstances of that conviction; (4) that the Court should have considered Petitioner's ineligibility, as a deportable alien, for various programs in imposing his sentence; (5) that the Court committed error when it considered Petitioner's prior conviction a "drug trafficking offense" in the sentencing calculation; and (6) that Petitioner's waiver of the right to appeal was involuntary. *See* Motion to Set Aside, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255, hereinafter, "Petition," 09-CR-00885-LHK, ECF No. 17.

1

Case No.: 09-CR-00885-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

On June 20, 2011, Petitioner filed a "Motion/Petition for Authorization to Re-Write The Issues," which is in substance a Motion for Leave to Amend, raising two additional claims: that he was denied the effective assistance of counsel, and that the Court miscalculated the severity of his prior conviction in considering the prior conviction under the sentencing guidelines.  ECF No. 23 (hereinafter "Motion for Leave to Amend").  This second submission also reiterated Petitioner's argument that his sentence was unfair based on his ineligibility for certain programs, and requested an evidentiary hearing.

This case was reassigned to the undersigned judge on September 28, 2011.  ECF No. 24.  On January 18, 2012, the Court issued an Order directing the United States to respond.  ECF No. 25.  The United States filed its Opposition on March 3, 2012.  ECF No. 29.  Petitioner filed no reply.

## I. BACKGROUND

### A. Petitioner's Plea Agreement

On December 15, 2009, with the assistance of counsel and an interpreter, Petitioner executed a plea agreement (hereafter, "Plea Agreement,"), ECF. No. 14, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  Federal Rule of Criminal Procedure 11(c)(1)(C) provides that where the parties "agree that a specific sentence . . . is the appropriate disposition of the case . . . such a recommendation or request binds the court once the court accepts the plea agreement."  The Plea Agreement provided, in part:

> The Defendant's Promises
> 1. I agree to plead guilty to the captioned information charging me with one count of illegal entry into the United States following deportation, in violation of 8 U.S.C. § 1326, a Class C felony. . .
>
> 2. I agree that I am guilty of the offense to which I will plead guilty, and I agree that the following facts are true:
>    . . . .
>    b. . . . . I agree that a 16-level increase in offense level applies, as set forth in paragraph 7 of this plea agreement.
>
> 3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any

2

Case No.: 09-CR-00885-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

other Fourth or Fifth Amendment claims; to any further discovery from the government and to future DNA testing of physical evidence in the government's possession; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I further agree to waive any right I may have to appeal any aspect of my sentence. I also agree to waive any venue or limitations defenses that I might have in this case.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, or motion under 18 U.S.C. § 3582, at any time in the future after I am sentenced, except for a claim that my constitutional right to the effective assistance of counsel was violated.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered, unless the Court declines to accept the sentence agreed to by the parties. I agree that the government may withdraw from this Agreement if the Court does not accept the agreed upon sentence set out below. I agree that if the Court does not accept the agreed upon sentence set out below, the statute of limitations shall be tolled from the date I signed the plea agreement until the date the Court does not accept the plea agreement.

7. I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows and that I will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guidelines range:

  a. Base Offense Level:     8
  (U.S.S.G. § 2L1.2)
  b. Specific offense characteristic:  +16
  (U.S.S.G. § 2L1.2(b)(1)(A))
  c. Early disposition program:   -4
  (U.S.S.G. § 5K3.1)
  d. Acceptance of Responsibility:  -3
  . . . .
  e. Adjusted offense level:    17

I agree that I am subject to a criminal history category **IV** for purposes of the Sentencing Guidelines.

8. I agree that a reasonable and appropriate disposition of this case, under the Sentencing Guidelines and 18 U.S.C. § 3553(a), is as follows: a sentence of **37 months imprisonment,** a mandatory special assessment of $100, which I agree to pay at the time of sentencing; and three years of supervised release with conditions of supervised release to be established by the Court, with one condition being that I may not reenter the United States illegally during my term of supervised release.

. . . .

10. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future.

. . .

<u>The Defendant's Affirmations</u>

14. I confirm that I have had adequate time to discuss this case, the evidence, and this Agreement with my attorney, and that my attorney has provided me with all the legal advice that I requested.

15. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine.

16. I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this agreement.

17. I confirm that I read this entire plea agreement with the assistance of an interpreter and in the presence of my attorney.

Plea Agreement at ¶¶ 1-17.

**B. Petitioner's Plea of Guilty**

On December 16, 2009, pursuant to the binding Plea Agreement, Petitioner pled guilty to one count of illegal entry into the United States following deportation in violation of 8 U.S.C. § 1326, a Class C felony. *See* Transcript of Proceedings Before the Honorable Jeremy Fogel dated December 16, 2009 ("Transcript"), ECF No. 28. During the proceedings in which Petitioner, under penalty of perjury, changed his plea from not guilty to guilty, the Court and Petitioner engaged in the following colloquy:

THE COURT: HAS THE PLEA AGREEMENT BEEN TRANSLATED FROM ENGLISH INTO SPANISH WITH THE ASSISTANCE OF A COURT INTERPRETER?

THE DEFENDANT: YES.

THE COURT: AND DO YOU UNDERSTAND THE PLEA AGREEMENT?

THE DEFENDANT: YES.

THE COURT: HAVE YOU HAD ENOUGH TIME TO DISCUSS THE PLEA AGREEMENT WITH YOUR ATTORNEY?

THE DEFENDANT: YES.

|   |   |
|---|---|
| 1 | THE COURT: AND HAS YOUR ATTORNEY BEEN ABLE TO ANSWER ANY |
| 2 | QUESTIONS YOU MAY HAVE HAD ABOUT THE PLEA AGREEMENT? |
| 3 | THE DEFENDANT: YES. |
| 4 | THE COURT: DO YOU HAVE ANY COMPLAINT ABOUT THE LEGAL SERVICES |
| 5 | YOU RECEIVED? |
| 6 | THE DEFENDANT: NO. |
| 7 | THE COURT: OTHER THAN THE PROMISES THAT ARE CONTAINED IN THE |
| 8 | PLEA AGREEMENT, HAS ANYONE PROMISED YOU ANYTHING IF YOU PLEAD |
| 9 | GUILTY? |
| 10 | THE DEFENDANT: NO. |
| 11 | THE COURT: HAS ANYONE THREATENED YOU TO GET YOU TO PLEAD |
| 12 | GUILTY? |
| 13 | THE DEFENDANT: NO. |
| 14 | THE COURT: ARE YOU PRESENTLY TAKING ANY DRUGS OR MEDICATION? |
| 15 | THE DEFENDANT: NO. |
| 16 | THE COURT: IS YOUR DECISION TO PLEAD GUILTY FREE AND VOLUNTARY? |
| 17 | THE DEFENDANT: YES. |

Transcript at 4:7-5:11.

**C.  Petitioner's Sentencing**

The Court stated its intent to sentence the Petitioner to the 37 months imprisonment sentence agreed upon by the Petitioner and the government in the binding Plea Agreement. Transcript at 6:20-24.  After hearing from the Petitioner, defense counsel, and government counsel, the Court asked whether there was any legal cause why the sentence should not be pronounced.  *Id.* at 12:17-18.  Both counsel answered in the negative.  *Id.* at 12:19-20.  The Court then pronounced the sentence of 37 months imprisonment, three years of supervised release with the condition of no illegal reentry during the term of supervised release, and a mandatory special assessment of $100, as agreed.  *Id.* at 13:1-12.

5

Case No.: 09-CR-00885-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

## II. DISCUSSION

### A. Standard of Review

A motion to set aside, correct or vacate a sentence of a person in federal custody pursuant to 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). A court need not hold an evidentiary hearing where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996); *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989), *cert. denied*, 493 U.S. 869 (1989); *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985). "Merely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *see also United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004). While a petitioner is not required to allege facts in detail, he must make factual allegations. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Accordingly, an evidentiary hearing is required only if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. *Howard*, 381 F.3d at 877.

### B. Motion for Leave to Amend

Amendments of pleadings in § 2255 proceedings on which the Court has not yet ruled are governed by the Federal Rule of Civil Procedure 15(a). *See In re Morris*, 363 F.3d 891, 893 (9th

6

Case No.: 09-CR-00885-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

Cir. 2004). Petitioner's second filing, though not styled as such, is in substance a Motion for Leave to Amend.

Rule 15(a) states that leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). In general, the Court considers five factors in assessing a Motion for Leave to Amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004). Here, there is no evidence of bad faith, and Petitioner has not previously amended his Petition. Further, this Petition can be resolved without further input from the United States, so there will be no prejudice. Accordingly, Petitioner's Motion for Leave to Amend is GRANTED. The Court will consider the claims raised in both of Petitioner's filings.

### C. Petitioner's Waiver of Rights

A defendant may expressly waive the statutory right to bring a § 2255 motion challenging the conviction or sentence. *United States v. Pruitt,* 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1015 (9th Cir. 1993), *cert. denied*, 508 U.S. 979 (1993). One claim that cannot be waived, however, is that ineffective assistance of counsel rendered the waiver involuntary. *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied*, 574 U.S. 1074 (2006).

Based on the language of the Plea Agreement, Petitioner has waived his right to petition under § 2255 on any basis other than ineffective assistance of counsel.[1] Plea Agreement at ¶¶ 4-5. Thus, the following claims are waived, and need not be addressed by this Order: Petitioner's claims from his first Petition that (1) that his plea was not knowing and voluntary because the Court failed

---

[1] As the United States points out, Petitioner's fifth claim, concerning his ineligibility for certain programs due to his deportable status, might more appropriately be raised as a § 2241 claim. Opposition at 12. Even if the Court were to construe Petitioner's fifth claim as a Petition under § 2241, and even if the Court had jurisdiction to hear such a claim, it, too, would be waived. *See* Plea Agreement at ¶ 5.

7

Case No.: 09-CR-00885-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

to comply with Rule 11; (2) that his sentence was unreasonable because it took into account a prior drug conviction; (3) that the Court increased Petitioner's sentence based on his prior conviction without considering the circumstances of that conviction; (4) that the Court should have considered Petitioner's ineligibility, as a deportable alien, for various programs in imposing his sentence (also raised in the Motion for Leave to Amend); (5) that the Court committed error when it considered Petitioner's prior conviction a "drug trafficking offense" in the sentencing calculation; and (6) that Petitioner's waiver of the right to appeal was involuntary; and Petitioner's claim from his Motion for Leave to Amend that the Court miscalculated the severity of his prior conviction in considering the prior conviction under the sentencing guidelines.

Accordingly, the Court will consider only Petitioner's claim, raised in his Motion for Leave to Amend, that he was denied the effective assistance of counsel in entering into the Plea Agreement and in pleading guilty.

### D. Ineffective Assistance of Counsel

A petitioner's claim of ineffective assistance of counsel is governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies to claims that a guilty plea was not knowing and voluntary. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To prevail on such a claim, the petitioner must show that: (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Petitioner asserts two grounds for claiming ineffective assistance of counsel. First, Petitioner claims that his attorney was not diligent in ensuring that his sentence was appropriate under the Sentencing Guidelines, and that this failure amounts to constitutionally deficient performance. Petitioner's contention that his attorney was not diligent is not credible, given his

8

Case No.: 09-CR-00885-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

admissions under oath during the change of plea proceedings that he understood the agreement, that he had had time to discuss it with his attorney, that his attorney had answered his questions, and that he was satisfied with the legal services he had received.  *See* Transcript at 4:11-23; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").  Further, Petitioner has not specified what he believes his attorney should have done differently.  The sentence to which Petitioner and the government agreed included reductions for participating in the early disposition program, for acceptance of responsibility, and for a sentence at the low end of the sentencing guideline range.  *See* Plea Agreement ¶ 7.  It is not clear what more his attorney could have done to improve Petitioner's outcome.  Thus, Petitioner has not established that his attorney's performance fell below "the range of competence demanded of attorneys in criminal cases."  *Hill*, 474 U.S. at 56 (internal quotation marks and citation omitted).

Even if the Court were to credit Petitioner's current inconsistent claim that his attorney had not diligently pursued the correct level under the Sentencing Guidelines and find that this failure constituted constitutionally deficient performance, Petitioner can establish no prejudice.  Petitioner appears to be arguing that his sentence should have been calculated differently under the guidelines, resulting in a plea agreement for a shorter term.  *See* Motion for Leave to Amend at 2.  A claim that he might have extracted a more favorable plea with better assistance is insufficient to establish prejudice; a Petitioner would instead have to show that he would have "insisted on going to trial."  *Hill*, 474 U.S. at 59.  Petitioner has made no such showing.  Accordingly, Petitioner did not receive ineffective assistance of counsel in connection with the calculation of his sentence.

Second, Petitioner claims that his attorney's performance was constitutionally deficient because he failed to inform Petitioner of the consequences of his plea, specifically the fact that Petitioner would be waiving his right to appeal.  Motion for Leave to Amend at 2.  Though an

9

Case No.: 09-CR-00885-LHK
ORDER DENYING PETITIONER'S MOTION TO SET ASIDE, CORRECT, OR VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

attorney's failure to advise a defendant on the consequences of a guilty plea can constitute constitutionally deficient performance, *see Padilla v. Kentucky*, 130 S.Ct. 1473, 1482 (2010), Petitioner's assertion is belied by the record in this case. The Plea Agreement itself, which was translated into Spanish for Petitioner, explicitly states that appeal rights were waived, Plea Agreement ¶¶ 3- 5, and Petitioner stated under oath that he had had enough time to discuss the agreement with his attorney and ask questions. Transcript at 4:14-20. Petitioner further stated that he was satisfied with the legal services his attorney provided. Transcript at 4:21-23. If there was something in the agreement that Petitioner did not understand, he could have taken the opportunity to ask for clarification. Thus, Petitioner has not established that his attorney's performance was constitutionally deficient in this regard.

Further, Petitioner suffered no prejudice from any alleged deficiency in his counsel's explanation of the terms of the Plea Agreement. The Court informed Petitioner of the sentence he would to receive (Transcript at 6:20-24), of the probability that he would be deported (Transcript at 6:10-12), and of the rights he would waive, including his rights to appeal and collateral attack (Transcript at 9:10-10:1). Because the Court informed him of these consequences before taking his plea, even if his attorney had neglected to discuss them with him, there could be no possible prejudice. Petitioner has not identified any other consequences of which he believes he should have been informed. Thus, Petitioner did not receive ineffective assistance of counsel concerning discussion of the consequences of his plea.

Finally, Petitioner has requested an evidentiary hearing on his ineffective assistance of counsel claim. A hearing is not required "if the petitioner's allegations, when viewed against the record, fail to state a claim for relief." *McMullen*, 98 F.3d at 1158. As established above, Petitioner has made no allegations that could, if fully credited, establish that he suffered any

prejudice from his alleged ineffective assistance of counsel.  Accordingly, there is no need for an evidentiary hearing.

In sum, none of Petitioner's grounds for habeas relief have merit.  Petitioner has waived all of his claims except for ineffective assistance of counsel, and has failed to demonstrate either the deficient performance of his counsel or the resulting prejudice required to make a showing of ineffective assistance of counsel under *Strickland.*

### III. CONCLUSION

For the reasons stated above, Petitioner's Motion to Set Aside, Correct, or Vacate Sentence Pursuant to 28 U.S.C. § 2255 is DENIED WITH PREJUDICE.  No certificate of appealability shall issue, as Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).  The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT and against Petitioner.

**IT IS SO ORDERED.**

Dated: September 7, 2012

_____
LUCY H. KOH
United States District Judge